CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 01 2023
LAURA A. AUSTIN, CLERK
BY: s/ H. MCDONALD
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| CATHERINE S. MORRISON, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:23-cv-00002 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| WAL-MART, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

Plaintiff Catherine S. Morrison claims that she was fired from her position at Defendant Wal-Mart's Danville, Virginia location "because [she] was considered a whistleblower." (Compl. ¶ 9.B [ECF No. 2].) She alleges that she complained about her harassment at the hands of a fellow employee but, because "H.R." was friends with her alleged harasser and had to fire her, he fired Plaintiff as well. Wal-Mart has filed a motion to dismiss (ECF No. 10), but Plaintiff, proceeding *pro se*, has not responded to that motion. Because her failure to respond is taken as an admission that Wal-Mart's arguments are well-taken (and because Wal-Mart's arguments are, in fact, meritorious), the court will grant Wal-Mart's motion and dismiss this action without prejudice.

## I.   BACKGROUND

The facts are taken from Plaintiff's Complaint and, at this point, are presumed to be true. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Plaintiff was employed at the Wal-Mart in Danville, Virginia, until her termination on November 28, 2022. (Compl. ¶ 3.) She alleges that she was the victim of harassment at the hands of a co-worker, but she does not specify the nature of that harassment. (*See id.* ¶ 9.B.)

She complained about the alleged harassment to Steven Pitts, who "was Market HR," although Pitts was "friends with the person who was harassing [her]." (*Id.*) Although Pitts apparently fired Plaintiff's harasser, he also fired Plaintiff "basically because he had to fire his friend." (*Id.*) Plaintiff "was fired a month after the person harassing [her] was fired." (*Id.* ¶ 9.F.) She contends Pitts fired her "based off of false information . . . [a]ll because [she] was basically considered a whistleblower." (*Id.* ¶ 9.B.)

Following her termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 1, 2022. (*Id.* ¶ 4.) She filed this action on January 25, 2023, and the EEOC issued a Notice of Right to Sue on February 8, 2023. (*See* ECF No. 5.) Wal-Mart filed the present motion to dismiss on March 29, 2023. (ECF No. 10.) That same day, the court sent Plaintiff a standard *Roseboro* notice[1] advising her as follows:

> The Court will give Plaintiff twenty-one (21) days from the date of this Notice to submit any further counter-affidavits or other relevant evidence contradicting, explaining or avoiding Defendant's evidence. . . . If Plaintiff does not respond to Defendant's pleadings, the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. . . . <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute</u>.

(Notice, Mar. 29, 2023 [ECF No. 12].) On April 10, 2023, the court entered its standard Pretrial Scheduling Order, which included the following admonition:

> If a party opposes a motion, the nonmovant must file a brief in opposition within 14 days of the date of service of the movant's

---

[1] So named for *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

> brief (or within 14 days of this order if the moving party served a motion and supporting brief before the entry of this order). Except for good cause shown, if the nonmovant does not timely file an opposition brief, the court will consider the motion to be unopposed.

(Scheduling Order, Apr. 10, 2023 [ECF No. 17].) To date, the court has not received any response from Plaintiff.[2]

## II. STANDARD OF REVIEW

Motions to dismiss under Rule 12(b)(6) test the legal sufficiency of a complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* While a complaint does not need "detailed factual allegations," complaints merely offering "labels and conclusions," "naked assertion[s] devoid of 'further factual enhancement,'" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* (alteration in original) (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

Plaintiff is proceeding *pro se*, and for this reason her "complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429 U.S. 97, 106 (2007) (cleaned up). Nevertheless, her complaint must state a right to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Moreover, "this

---

[2] A hearing on this motion was set for May 8, 2023 but given that the legal arguments are adequately presented in Wal-Mart's brief in support of its motion (and Plaintiff's apparent abandonment of her claim), that hearing will be cancelled.

liberal construction does not require the court to ignore clear defects in pleading or to conjure up questions never squarely presented in the complaint." *Jefferies v. UNC Reg'l Physicians Pediatrics*, 320 F. Supp. 3d 757, 760–61 (M.D.N.C. 2018) (cleaned up).

### III. ANALYSIS

#### A. Abandonment of her Claim

Plaintiff was expressly warned—twice (*see* ECF Nos. 12, 17)—that failure to respond to Wal-Mart's motion to dismiss may result in dismissal of her action.[3] Despite these warnings, Plaintiff has not filed an opposition to Wal-Mart's motion. Accordingly, the court must conclude that Plaintiff does not contest Wal-Mart's arguments (*see* Order [ECF No. 17]) or has otherwise abandoned her claim (*see* Notice [ECF No. 12]). On this basis, Wal-Mart's motion to dismiss will be granted.

#### B. Merits of the Argument

But even if Plaintiff had opposed Wal-Mart's motion, the court would nevertheless grant it on the merits. Plaintiff claims she was fired because she was viewed as a "whistleblower," which the court interprets as asserting a claim of retaliation in violation of Title VII of the Civil Rights Act.[4] To establish a prima facie case of retaliation under Title VII, a plaintiff must establish "that [s]he engaged in a protected activity, that the employer took an adverse action against [her], and that a causal relationship existed between [her] protected

---

[3] The court recognizes that the *Roseboro* notice gave a 21-day deadline from March 29 (making her response due April 19), and the Pretrial Order gave a 14-day deadline from April 10 (making a response due April 24). Even accounting for this discrepancy (and the "mail rule," Fed. R. Civ. P. 6(d)), Plaintiff's response was due no later than April 27.

[4] The court makes this inference because (1) Plaintiff filed a charge of discrimination with the EEOC in which she alleged that Wal-Mart's actions were in violation of Title VII (*see* ECF No. 5), and (2) she utilized the court's form complaint to assert a claim under Title VII.

activity and the employer's adverse action." *Baqir v. Principi*, 434 F.3d 733, 747 (4th Cir. 2006) (citing *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004)). An individual engages in a protected activity when she "opposes any practice made an unlawful employment practice by" Title VII. 42 U.S.C. § 2000e–3(a). The Fourth Circuit has held that this sort of "opposition activity" is protected not only when it opposes an actual violation of Title VII, but also "when it responds to an employment practice that the employee *reasonably believes* is unlawful." *Jordan v. Alt. Res. Corp.*, 458 F.3d 332, 338–39 (4th Cir. 2006) (emphasis in the original) (citing *EEOC v. Navy Fed. Credit Union*, 424 F.3d 397, 406–07 (4th Cir. 2005)), *overruled on other grounds by Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264 (4th Cir. 2015). "Because the analysis for determining whether an employee reasonably believes a practice is unlawful is an objective one, the issue may be resolved as a matter of law." *Id.* at 339 (citing *Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268 (2001)).

A plaintiff in a Title VII case is only "required to allege facts to satisfy the elements of a cause of action created by" Title VII to survive a motion to dismiss. *McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 585 (4th Cir. 2015); *see also Brown v. AECOM, Inc.*, No. 7:21-CV-00438, 2022 WL 263551, at *3 (W.D. Va. Jan. 27, 2022). "Requiring a plaintiff to plead a prima facie case would amount to a 'heightened pleading standard' that would conflict with Federal Rule of Civil Procedure 8(a)(2)." *McCleary-Evans*, 780 F.3d at 584 (quoting *Swierkiewicz*, 534 U.S. at 512). The proper "inquiry is whether [Plaintiff] alleges facts that plausibly state a violation of Title VII 'above a speculative level.'" *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 617 (4th Cir. 2020) (quoting *Coleman v. Md. Ct. App.*, 626 F.3d 187, 190 (4th Cir. 2010)).

Here, Plaintiff's allegations fall short of establishing a violation of Title VII. Importantly, she does not offer any details about the alleged "harassment" she endured by her co-worker, and thus the court has no way of ascertaining whether her subsequent complaints—the alleged basis of her termination—were in opposition to a practice "made . . . unlawful" by Title VII, including, among other things, discrimination on the basis of race or sex. 42 U.S.C. § 2000e–3(a).

Moreover, it is possible that everything Plaintiff alleges is true, but that there is no relief available to her under Title VII. A claim for retaliation will only lie under Title VII if Plaintiff complains of conduct *that is unlawful under that statute*. She may very well have been "harassed," she may very well have been a "whistleblower," and she may very well have been fired because of it, but unless she was blowing the whistle about discrimination "with respect to . . . terms, conditions, or privileges of employment, because of . . . race, color, religion, sex, or national origin," *id.* § 2000e-2(a)(1), Title VII is the wrong statute under which to bring her claim.

Without more factual allegations, the court cannot say that Plaintiff has stated a claim for retaliation under Title VII and will therefore dismiss her claim.

## IV.   CONCLUSION

Because Plaintiff has apparently abandoned her claim, and because her allegations are otherwise insufficient to state a claim for retaliation under Title VII, Wal-Mart's motion (ECF No. 10) will be granted and Plaintiff's complaint will be dismissed without prejudice.

The Clerk is directed to forward copies of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 1st day of May, 2023.

<u>/s/ Thomas T. Cullen</u>
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE